IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARICA KINCHELOE and ALEXANDER CASTRO, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> THE UNIVERSITY OF CHICAGO and BOARD OF TRUSTEES OF THE UNIVERSITY OF CHICAGO, <br><br> Defendants. | Case No. 1:20-cv-03015 <br><br> Judge Jeremy C. Daniel <br><br> Magistrate Judge Gabriel A. Fuentes |

## ORDER GRANTING PRELIMINARY
## APPROVAL OF CLASS ACTION SETTLEMENT

Named Plaintiffs Arica Kincheloe and Alexander Castro (collectively, the "Named Plaintiffs," and, collectively, with the members of the Settlement Class, the "Settlement Class Members"), on the one hand, and the University of Chicago (the "University"), on the other hand, have entered into a Class Action Settlement Agreement and Release entered into as of November 21, 2023 (the "Settlement Agreement") to settle the above-captioned litigation (the "Action"). The Settlement Agreement, together with its exhibits incorporated herein, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the Action. Additionally, Class Counsel has filed a Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification, and Approval of Notice Plan Pursuant to Federal Rule of Civil Procedure 23(e)(1) (the "Motion").[1]

---

[1] Terms used herein shall have the meaning accorded to them in the Settlement Agreement except to the extent otherwise specified herein.

Having reviewed the Settlement Agreement and its exhibits, the Motion, the pleadings and other papers on file in this action and statements of counsel, the Court finds that the Motion should be GRANTED and that this Preliminary Approval Order should be entered. Terms and phrases used in this Preliminary Approval Order not otherwise defined herein shall have the same meanings ascribed to them in the Settlement Agreement.

NOW, THEREFORE, THE COURT HEREBY FINDS, CONCLUDES AND ORDERS THE FOLLOWING:

1. The Parties have agreed to a class action settlement of all Released Claims. Plaintiffs seek, and for purposes of settlement only the University does not object to, certification of a Settlement Class defined as follows:

> All students and former students who were enrolled in any of the University of Chicago's Undergraduate and Graduate Programs at any time between January 1, 2020 through the end of the Spring Quarter of 2020.

Specifically excluded from the Settlement Class are the following persons:

> (i) The University and its officers, trustees and their family members;
>
> (ii) Class Counsel;
>
> (iii) The judges who have presided over the Action;
>
> (iv) All other persons who have timely elected to become Opt-Outs from the Settlement Class in accordance with the Court's Orders.

The Court expressly reserves the right to determine, should the occasion arise, whether Plaintiffs' proposed claims may be certified as a class action for purposes other than settlement, and the University hereby retains all rights to argue that Plaintiffs' proposed claims may not be certified for class treatment except for settlement purposes.

2. For purposes of preliminary approval, this Court assesses the Settlement Agreement under Fed. R. Civ. P. 23(e). Under Rule 23(e)(1)(B), the Court "must direct notice in

a reasonable manner" to proposed Settlement Class Members "if giving notice is justified by the parties' showing that the court will likely be able to (i) approve the proposal [as fair, reasonable, and adequate] under Rule 23(e)(2) and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B).

## Likely Approval As Fair, Reasonable And Adequate

3. To determine whether the Settlement Agreement is fair, reasonable, and adequate, Rule 23(e)(2) directs the Court to consider whether:

> (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

4. The Settlement Class representatives proposed in the Consolidated Class Action Complaint are adequately representing the proposed Settlement Class: they share the same alleged injury (that they allegedly paid tuition and fees for in-person instruction during the Spring Quarter of 2020 and received remote instruction) and the same interest. Thomas J. McKenna, Esq. and Gregory M. Egleston, Esq. of Gainey McKenna & Egleston, Gary Lynch, Esq. and Nicholas Colella, Esq. of Lynch Carpenter LLP, and Michael Tompkins, Esq. and Anthony Alesandro, Esq. of Leeds Brown Law, P.C. are experienced class counsel who are adequately representing the proposed Settlement Class.

5. There is no question that the Parties are at arm's length. The Settlement Agreement appears to be the result of extensive, non-collusive, arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the case through

3

mediation-related discovery and whose negotiations were supervised by respected class action mediator, the Honorable Morton Denlow (Ret.) of JAMS.

6. The Settlement Agreement provides adequate relief to the proposed Settlement Class. The University has agreed to pay $4,950,000 to cover Cash Awards, Notice and Administration Costs, Attorneys' Fees and Costs, and Service Awards. From that amount, Settlement Class Members are eligible to receive a Cash Award based on the *pro rata* amount of their Out-of-Pocket Tuition and Fees, with each Settlement Class Member eligible to receive at least $25. Settlement Class Members do not need to file a claim in order to receive a Cash Award. If the Settlement Agreement had not been reached, the Parties planned to vigorously contest this matter, including the University's expected motion to dismiss as well as class certification, and Plaintiffs' chances at trial also would have been uncertain. In light of the costs, risks and delay of trial and appeal, this relief is at least adequate for purposes of Rule 23(e)(1).

7. There is no reason to doubt the effectiveness of distributing relief under the Settlement Agreement. As further addressed below, the Parties propose a Class Notice Program, which is detailed in Settlement Agreement, which the Court finds is reasonably calculated to reach nearly all members of the proposed Settlement Class.

8. After the Class Notice Program and in connection with the Fairness Hearing, this Court will assess the reasonableness of the proposed Settlement and the request of Class Counsel for Attorneys' Fees and Costs and Service Awards. At this preliminary stage, the Court finds that the plan to request that Attorneys' Fees and Costs and Service Awards be paid from the Net Settlement Fund creates no reason not to direct notice to the proposed Settlement Class and permit class members to be apprised of their rights and the proposed Settlement.

9.	No agreements exist between the Parties aside from the Settlement Agreement, with the exception of an agreement described generally in the Settlement Agreement that allows the University and Class Counsel to terminate the Settlement Agreement in certain defined circumstances.

10.	The Settlement Agreement treats members of the proposed Settlement Class equitably relative to each other because all members of the proposed Settlement Class are eligible for a Cash Award of at least $25. These are equitable terms.

11.	Having thoroughly reviewed the Settlement Agreement, the supporting exhibits and the Parties' arguments, this Court finds that the Settlement Agreement is fair, reasonable, and adequate to warrant providing notice to the Settlement Class, and thus likely to be approved, subject to further consideration at the Fairness Hearing to be conducted as described below.

12.	The Court preliminarily approves the Settlement Agreement subject to the Fairness Hearing for purposes of deciding whether to grant final approval to the Settlement. This determination permitting notice to the Settlement Class is not a final finding, but a determination that there is probable cause to submit the proposed Settlement Agreement to the Settlement Class Members and to hold a Fairness Hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement.

### Likely Certification Of Settlement Class

13.	The Court assesses the likelihood that it will be able to certify the proposed Settlement Class under Rules 23(a) and 23(b)(3) (because this Settlement Class seeks damages). See Fed. R. Civ. P. 23(a)-(b). The Court makes this assessment for the purposes of settlement only at this time.

14.	As to the requirements of Rule 23(a) for settlement purposes only, (i) the Settlement Class provisionally certified herein includes thousands of individuals, and joinder of all would be

impracticable, (ii) there are questions of law and fact common to the Settlement Class, (iii) the Settlement Class Representatives' claims are typical of the claims of the Settlement Class they seek to represent for purposes of settlement and (iv) the Settlement Class Representatives are adequate representatives of the Settlement Class. As to the requirements of Rule 23(b)(3) for settlement purposes only, questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class Member, and a class action on behalf of the Settlement Class is superior to other available means of settling and disposing of this dispute. Because the Settlement Agreement contemplates that no trial of the claims asserted in the Consolidated Class Action Complaint will be necessary, however, the Court makes no finding as to the manageability of adjudicating those claims on a class basis. See Amchem Products, Inc. v. Windsor, 521 U.S. 591 (1997).

15. For these reasons, pursuant to Rule 23, and for settlement purposes only, the Court finds it will likely certify the Settlement Class defined above in Paragraph 1 of this Order and preliminarily certifies the Settlement Class. This finding is subject to further consideration at the Fairness Hearing to be conducted as described below.

16. The Court hereby preliminarily appoints, for settlement purposes only, Settlement Class Representatives as representatives of the Settlement Class. Pursuant to Fed. R. Civ. P. 23(g), the Court hereby preliminarily appoints, for settlement purposes only, Thomas J. McKenna, Esq. and Gregory M. Egleston, Esq. of Gainey McKenna & Egleston, Gary Lynch, Esq. and Nicholas Colella, Esq. of Lynch Carpenter LLP, and Michael Tompkins, Esq. and Anthony Alesandro, Esq. of Leeds Brown Law, P.C. as Class Counsel for the Settlement Class.

## Approval Of The Manner And Form Of Notice

17. Angeion Group has been selected to serve as the Claims Administrator under the terms of the Settlement Agreement. The Court hereby appoints Angeion Group to serve as the

Claims Administrator in accordance with the provisions of Section VI of the Settlement Agreement.

18. The Court approves the Notice, the content of which is without material alteration from Exhibits 1, 2 and 3 to the Settlement Agreement.

19. The Court approves the creation of the Settlement Website, as defined in Section II(PP) of the Settlement Agreement, that shall include, at a minimum, copies of the Settlement Agreement and the Class Notice, and shall be maintained in accordance with the provisions of Section VII(C) of the Settlement Agreement.

20. The Court finds that the Class Notice Program as set forth in the Settlement Agreement, filed concurrently with Plaintiffs' Motion for Preliminary Approval, (a) is the best practicable notice, (b) is reasonable and constitutes due, adequate and sufficient notice to all Persons entitled to receive notice, (c) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and of their right to object to or to exclude themselves from the Settlement and (d) meets all applicable requirements of applicable law. The Class Notice Program satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. The Court therefore approves the Class Notice Program and the notice documents substantially in the form attached as the exhibits to Plaintiffs' Motion.

21. The Court orders the Claims Administrator to file proof of compliance with the Class Notice Program at least twenty-one (21) days before the Fairness Hearing.

22. Pursuant to 34 C.F.R. § 99.37(a), the Court finds that names, mailing addresses and email addresses in education records of current students of the University constitute "directory information" and may be disclosed, without consent, to the Claims Administrator for purposes of providing class notice in this Action if (a) the University has previously provided public notice

7

that the names, mailing addresses and email addresses are considered "directory information" that may be disclosed to third parties including public notice of how students may restrict the disclosure of such information and (b) the student has not exercised a right to block disclosure of any such information, including but not limited to mailing addresses or email addresses ("FERPA Block"). The University shall not disclose from education records names, mailing addresses or email addresses subject to a FERPA Block.

23. Pursuant to 34 C.F.R. § 99.37(b), the Court further finds that names, mailing addresses and email addresses in education records of former students of the University constitute "directory information" and may be disclosed, without consent, to the Claims Administrator for purposes of providing class notice in this Action, provided that the University continues to honor any valid and un-rescinded FERPA Block. The University will send notice to Settlement Class Members whose mailing addresses and email addresses are subject to a valid and un-rescinded FERPA Block.

24. This Order shall constitute a "judicial order" within the meaning of the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g and 34 C.F.R. § 99.31(a)(9), sufficient to compel the University to provide the Class List information and Out-of-Pocket Tuition and Fees information to the Claims Administrator in accordance with Section VII(A) of the Settlement Agreement. The Court further rules that the Class Notice Program and the Notice constitute a reasonable effort per 34 C.F.R. § 99.31(a)(9)(ii) to notify eligible students (or their parents) of this order sufficiently in advance of disclosure to allow the student (or parent) an opportunity to seek protective action, including filing a motion to quash with this Court.

**Participation In, Exclusion From Or Objection To The Settlement**

25. The Court orders any Settlement Class Member who wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely request for exclusion that:

      a.      Has the signature of the member of the Settlement Class, even if represented by counsel;

      b.      States the name, address and telephone number of the Settlement Class Member requesting exclusion; and

      c.      Contains a clear and unambiguous statement communicating that such Person elects to be excluded from the Settlement Class, does not wish to be a Settlement Class Member, and elects to be excluded from any judgment entered pursuant to the Settlement.

26.    Members of the Settlement Class who wish to be excluded from the Settlement Class must do so with respect to all claims against the University. A member of the Settlement Class may opt out on an individual basis only; so-called "mass" or "class" opt outs shall not be allowed.

27.    All requests for exclusion must be submitted no later than ninety-five (95) days after the entrance of this Order. Any member of the Settlement Class who submits a timely request for exclusion may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under the Settlement Agreement.

28.    Any Settlement Class Member who fails to submit a timely and complete request for exclusion sent to the proper address shall be subject to and bound by the Settlement Agreement and every order or judgment entered pursuant to the Settlement Agreement. Any purported request for exclusion or other communication sent to such address that is unclear or internally inconsistent with respect to the desire of the member of the Settlement Class to be excluded from the Settlement Class will be deemed invalid unless determined otherwise by the Court. Requests for exclusion signed only by counsel or another representative shall not be permitted.

29. Any Settlement Class Member who wishes to object to the Settlement Agreement or the proposed settlement or to the Attorneys' Fees and Costs must file with the Court a written objection no later than ninety-five (95) days after the entrance of this Order. Such objection must:

    a. State the printed name, address and telephone number of the Settlement Class Member objecting;

    b. State whether the Settlement Class Member is represented by counsel and, if so, the name and contact information of counsel;

    c. Identify the University Undergraduate and/or Graduate Program(s) the Settlement Class Member attended anytime from January 1, 2020 through the end of the Spring Quarter of 2020 and the amount of tuition and/or fees paid by the Settlement Class Member or paid on his or her behalf to the University for the Spring Quarter of 2020;

    d. Contain a detailed written statement of each objection asserted, including the grounds for objection, any legal authority in support of such objection and reasons for appearing and being heard;

    e. Contain copies of any papers, briefs, declarations, affidavits or other documents upon which the objection is based;

    f. Contain a statement indicating whether the objector intends to appear at the Fairness Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules), and a list of all persons, if any, who will be called to testify in support of the objection;

    g. Contain a list of all cases in which the Settlement Class Member or Settlement Class Member's counsel filed an objection or in any way participated —

financially or otherwise—in objecting to a class settlement during the preceding five years; and

  h. Contain the Settlement Class Member's signature, in addition to the signature of the objector's attorney (if any). An attorney's signature alone shall not be deemed sufficient to satisfy this requirement.

30. The Settlement Class Member must also serve by mail or hand delivery the Settlement Class Member's objection, including all papers or evidence in support thereof, upon the Claims Administrator, Class Counsel and Counsel for the University, at the addresses set forth in the Class Notice.

31. Any Settlement Class Member who fails to properly and timely file a written objection with the Court, along with the required information and documentation set forth in Paragraph 29 above, or to serve them as required in Paragraph 30 above, shall not be heard during the Fairness Hearing, shall not have his or her objections be considered by the Court and shall be foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

32. Class Counsel and Counsel for the University may respond to any objection filed by a Settlement Class Member, and must file such a response with the Court no later than seven (7) days prior to the Fairness Hearing.

33. Settlement Class Members may not both object and opt out. If a member of the Settlement Class submits both a request for exclusion and an objection, the request for exclusion shall be controlling.

34. Any attorney hired by a Settlement Class Member for the purpose of objecting to the Settlement Agreement, the proposed Settlement, or the Attorneys' Fees and Costs will be at the Settlement Class Member's expense.

11

35. Any attorney hired by a Settlement Class Member for the purpose of objecting to the proposed Settlement or to the Attorneys' Fees and Costs and who intends to make an appearance at the Fairness Hearing must provide to the Claims Administrator (who shall forward it to Class Counsel and Counsel for the University) and file with the Clerk of the Court a notice of intention to appear no later than ninety-five (95) days after the entrance of this Order.

36. Any Settlement Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing must provide to the Claims Administrator (who shall forward it to Class Counsel and Counsel for the University) and file with the Court a notice of intention to appear no later than ninety-five (95) days after the entrance of this Order.

37. The Court orders the Claims Administrator to establish a post office box in the name of the Claims Administrator to be used for receiving requests for exclusion, objections, notices of intention to appear and any other communications. Only the Claims Administrator, Class Counsel, the University's Counsel, the University, the Court, the Clerk of the Court and their designated agents shall have access to this post office box, except as otherwise provided in the Settlement Agreement.

38. The Court orders the Claims Administrator to promptly furnish Class Counsel and Counsel for the University with copies of any and all written requests for exclusion, notices of intention to appear or other communications that come into its possession, except as expressly provided in the Settlement Agreement.

39. The Court orders that Class Counsel shall file their applications for the Attorneys' Fees and Costs and Settlement Class Representatives' Service Awards in accordance with the terms set forth in Section X of the Settlement Agreement.

40. The Court orders the Claims Administrator to provide Class Counsel and Counsel for the University with copies of all requests for exclusion on a weekly basis by email and to provide the Opt-Out List to Class Counsel and Counsel for the University no later than seven (7) days after the Opt-Out and Objection Date. The Court further orders Class Counsel to file with the Court the Opt-Out List with an affidavit from the Claims Administrator attesting to the completeness and accuracy thereof no later than three (3) business days thereafter or on such other date as the Parties may direct.

### Final Approval Hearing And Related Deadlines

41. This Court will hold a Fairness Hearing, on April 10, 2024, at 9:45 a.m., in the United States District Court for the Northern District of Illinois, Courtroom 1419, 219 South Dearborn Street, Chicago, Illinois 60604 or by remote means as ordered by the Court. The purposes of the Fairness Hearing will be to consider the fairness, reasonableness and adequacy of the proposed Settlement and the application for an award of Attorneys' Fees and Expenses, and to consider whether the Court should issue a Final Order and Judgment approving the Settlement, granting Class Counsel's application for Attorneys' Fees and Expenses, granting the Service Awards application by Settlement Class Representatives and dismissing the claims against the University with prejudice.

42. The Court reserves the right to adjourn the Fairness Hearing without further notice to Settlement Class Members, or to approve the Settlement with modification without further notice to Settlement Class Members.

43. Class Counsel's papers in support of any application for Attorneys' Fees and Expenses and/or Service Awards shall be filed no later than sixty (60) days after the entrance of this Order.

44. Class Counsel's papers in support of final approval of the Settlement shall be filed no later than twenty-one (21) days prior to the Fairness Hearing.

### Effects Of This Preliminary Approval Order

45. All members of the Settlement Class, unless and until they have timely and properly excluded themselves from the Settlement Class, are preliminarily enjoined from (a) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant, participant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims, (b) filing, commencing, participating in or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any member of the Settlement Class, regardless of whether or not they have been excluded from the Settlement Class, based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims and (c) attempting to effect Opt-Outs of a class of individuals in this lawsuit or any other lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action and/or the Released Claims.

46. Any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (i.e., become an Opt Out) will be bound by all proceedings, orders and judgments in the Action, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

47. If for any reason the Settlement fails to become effective in accordance with its terms, or if the judgment is not entered or is reversed, vacated or materially modified on appeal (and, in the event of material modification (which shall not include any reduction to an award of

Attorneys' Fees and Costs or to the Service Awards), if either party elects to terminate the Settlement), this Order shall be null and void, the Settlement Agreement shall be deemed terminated (except for any paragraphs that, pursuant to the terms of the Settlement Agreement, survive termination of the Settlement Agreement), and the Parties shall return to their positions without prejudice in any way, as provided for in the Settlement Agreement.

Dated: December 7, 2023

Jeremy C. Daniel
United States District Judge