IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARICA KINCHELOE and ALEXANDER CASTRO, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNIVERSITY OF CHICAGO and BOARD OF TRUSTEES OF THE UNIVERSITY OF CHICAGO, <br><br> Defendants. | Case No. 1:20-cv-03015 <br><br> Judge Jeremy C. Daniel <br><br> Magistrate Judge Gabriel A. Fuentes |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS, AND ENTERING FINAL ORDER AND JUDGMENT**

Plaintiffs Kincheloe and Alexander Castro (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class, and Defendant the University of Chicago (the "University") entered into a Class Action Settlement Agreement ("Settlement Agreement") on or about November 21, 2023 to resolve the litigation in Kincheloe v. University of Chicago, No. 1:20-cv-03015 (N.D. Ill.) and Castro v. University of Chicago, No. 1:20-cv-07280 (N.D. Ill.) (collectively, the "Action").[1] The Court held a preliminary approval hearing on December 7, 2023, and on that

---

[1] Unless defined differently herein, this Final Order and Judgment incorporates the definitions in the Settlement Agreement and the Court's Order Granting Preliminary Approval of Class Action Settlement (Dkt. 97) ("Preliminary Approval Order"). The Settlement Agreement is adopted by the Court and made part of this Final Order and Judgment as if set out in full herein. See Settlement Agreement (Dkt. 89-1). In the event of any inconsistency between the Settlement Agreement or the Court's Preliminary Approval Order and a term defined differently herein, the definition herein shall apply.

same day, the Court granted preliminary approval of the Settlement, provisionally approving certification of a class for settlement. See Preliminary Approval Order.

On May 23, 2024, the Court held a Fairness Hearing on (1) Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. 106) and (2) Plaintiffs' Motion for an Award of Attorneys' Fees, Expenses and Service Awards (Dkt. 101). Through the briefs, exhibits and argument at the Fairness Hearing, the Court has thoroughly examined and considered the Settlement and Settlement Agreement and the requests for Attorneys' Fees and Costs and Service Awards.

Having reviewed the motions and all related pleadings and filings and having also heard the evidence and argument presented at the Fairness Hearing, which are incorporated herein by reference, THE COURT HEREBY FINDS, CONCLUDES, AND ORDERS THE FOLLOWING:

## I. FINAL ORDER AND JUDGMENT

### A. Certification Of The Settlement Class

1. The Court certifies, for settlement purposes only, the following class (hereinafter and for purposes of this Final Order and Judgment, the "Settlement Class"):

> All students and former students who were enrolled in any of the University of Chicago's Undergraduate and Graduate Programs at any time between January 1, 2020 through the end of the Spring Quarter of 2020.
>
> Specifically excluded are the following Persons:
>
> (i) The University and its officers, trustees and their family members;
>
> (ii) Class Counsel;
>
> (iii) The judges who have presided over the Action;
>
> (iv) All other persons who have timely elected to become Opt-Outs from the Settlement Class in accordance with the Court's Orders.

2. For the reasons stated in its Preliminary Approval Order and as summarized below, the Court finds that the Settlement Class meets the requirements of Rule 23 for certification for settlement purposes only:

    a. Rule 23(a)(1) Numerosity: The Settlement Class is too numerous to practicably join all members because it includes thousands of students who have not already settled and/or released their claims.

    b. Rule 23(a)(2) Commonality: "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and that the claims arising from that injury depend on a "common contention . . . of such a nature that it is capable of classwide resolution." Wal-Mart Stores, Inc. v. Dukes, U.S., 564 U.S. 338, 359 (2011). Here, Settlement Class Members allegedly paid tuition and fees for in-person instruction for the Spring Quarter of 2020 and received remote instruction during the Spring Quarter of 2020, and, thus, suffered the same alleged injury. Central questions of fact and law common to all Settlement Class Members include whether the University promised to provide in-person instruction during the Spring Quarter of 2020.

    c. Rule 23(a)(3) Typicality: Plaintiffs' claims are typical of the members of the Settlement Class because they challenge the same conduct — the University's provision of remote instruction instead of in-person instruction beginning in the Spring Quarter of 2020 — and make the same legal arguments.

    d. Rule 23(a)(4) Adequacy: Both Plaintiffs and Class Counsel have adequately represented the Settlement Class throughout the Action and for the purposes of entering into and implementing the Settlement.

   e. Rule 23(b)(3) Predominance: Under Rule 23(b)(3), a class action may be maintained if the court finds that "questions of law or fact common to the class members predominate over any questions affecting individual members." Bell v. PNC Bank, Nat. Ass'n, 800 F.3d 360, 376 (7th Cir. 2015). This requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Barnes v. Air Line Pilots Ass'n, Int'l, 310 F.R.D. 551, 560 (N.D. Ill. 2015). Here, all Settlement Class Members share a common alleged legal grievance arising from the University's provision of remote education beginning in the Spring Quarter of 2020, when Settlement Class Members had allegedly agreed to pay tuition and fees for in-person instruction. Common legal and factual questions — including whether the University promised to provide in-person instruction during the Spring Quarter of 2020 — are central to all Settlement Class Members' claims and predominate over any individual questions that may exist.

   f. Rule 23(b)(3) Superiority: A class action is superior to many individual actions. Members of the proposed Settlement Class received educational instruction during the Spring Quarter of 2020 and may not have suffered sufficient damages to justify the costs of litigation. The Settlement ensures that all Settlement Class Members will have the opportunity to be compensated through a Cash Award.

  3. The Court hereby appoints Plaintiffs as representatives of the Settlement Class. The Court hereby appoints Thomas J. McKenna and Gregory M. Egleston of Gainey McKenna & Egleston, Gary Lynch and Nicholas Colella of Lynch Carpenter LLP, and Michael Tompkins and Anthony Alesandro of Leeds Brown Law, P.C. as Class Counsel for the Settlement Class.

### B. Notice

  4. The Court affirms the appointment of Angeion Group as Claims Administrator.

5. In accordance with the Settlement Agreement and Preliminary Approval Order, the Claims Administrator launched the Settlement Website on December 21, 2023. See Williams Decl. (Dkt. 107-1), Ex. E ¶ 13.

6. Following Preliminary Approval, the University provided Angeion Group with the names, last known addresses and last known email addresses for the 19,818 Settlement Class Members other than such information that was subject to a FERPA Block. See id. ¶ 4.

7. Pursuant to the terms of the Settlement Agreement and the Preliminary Approval Order, Angeion Group mailed the Court-approved Notice to all 18,918 Settlement Class Members (i.e., the Settlement Class Members whose information was not subject to a FERPA Block, or the "Non-FERPA Block Settlement Class Members")) for whom it had a last known mailing address within thirty (30) days of receiving the Class List.[2] See id. ¶¶ 4, 8. After 4,214 Notices were returned to Angeion Group as undeliverable, Angeion Group successfully re-mailed 2,998 of these undeliverable Notices for which it could identify new addresses through skip tracing or through those Notices that were returned with a forwarding address.[3]

8. Pursuant to the terms of the Settlement Agreement and the Preliminary Approval Order, Angeion Group emailed the Court-approved Notice to the 18,219 unique and valid email addresses of the Non-FERPA Block Settlement Class Members within thirty (30) days of receiving

---

[2] The University mailed the Court-approved Notice to all Settlement Class Members whose information is subject to a valid and un-rescinded FERPA Block (the "FERPA Block Settlement Class Members").

[3] Pursuant to this Court's Order Granting Defendants Unopposed Motion to Amend Certain Settlement Deadlines (Dkt. 112), Angeion Group and the University re-mailed Notice to 915 Affected Non-FERPA Block Settlement Class Members and eighty-seven (87) Affected FERPA Block Settlement Class Members, as defined therein. See Supp. Williams Decl. (Dkt. 114) ¶¶ 3-5; Spellman Decl. (Dkt. 117) ¶ 7 n.2.

the Class List. See id. ¶ 12. Only 234 of those email Notices were unable to be delivered via email. See id.

9. The University mailed the Court-approved Notice to the 900 FERPA Block Settlement Class Members for whom it had a last known mailing address. See Spellman Decl. (Dkt. 117) ¶¶ 4, 6. After 178 Notices were returned to the University as undeliverable, the University successfully re-mailed 129 of these undeliverable Notices for which it could identify new addresses through skip tracing or through those Notices that were returned with a forwarding address. See id. ¶ 7.

10. The University emailed the Court-approved Notice to the 1,999 unique email addresses of the FERPA Block Settlement Class Members that it had in its records. See id. ¶ 5. There were only forty-one (41) FERPA Block Settlement Class Members for whom all email addresses on record were unable to be delivered via email. See id.

11. Direct notice was therefore sent to at least 99.5% of the Non-FERPA Block Settlement Class Members and 99.2% of the FERPA Block Settlement Class Members. See Supp. Williams Decl. (Dkt. 114) ¶ 6; Spellman Decl. (Dkt. 117) ¶ 8.

12. One Settlement Class Member filed objections to the Settlement Agreement. See Williams Decl. (Dkt. 107-1) at 85-88. Upon due consideration, a review of the materials submitted by the objector and the Parties, the Court finds that the objections are without merit and overrules the objections to the Settlement.

13. The Class Notice Program, together with all included and ancillary documents thereto, (a) constituted reasonable notice; (b) constituted notice that was reasonably calculated under the circumstances to apprise members of the Settlement Class of the pendency of the Action, of their right to object to or exclude themselves from the proposed Settlement, of their right to

6

appear at the Fairness Hearing and of their right to seek relief; (c) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (d) met all applicable requirements of due process and any other applicable law.

14. The Court finds that Settlement Class Members have been provided the best notice practicable of the Settlement and that such notice fully satisfies all requirements of law as well as all requirements of due process.

15. The Court also finds that notice to appropriate federal and state officials pursuant to the federal Class Action Fairness Act has been timely sent and that such notice fully satisfies the requirements of the federal Class Action Fairness Act, 28 U.S.C. § 1715. See Spellman Decl. (Dkt. 108).

### C. Final Approval Of Settlement

16. At the Fairness Hearing held on May 23, 2024, the Court fulfilled its duties to independently evaluate the fairness, reasonableness and adequacy of, inter alia, the Settlement and the notice provided to Settlement Class Members, considering the pleadings and argument of the parties and their counsel and the interests of all absent members of the Settlement Class. After thoroughly considering the briefing and arguments of the parties and considering the factors required by Rule 23 and the Seventh Circuit, this Court concludes that this Settlement is fair, reasonable, and adequate, consistent and in compliance with all requirements of due process and applicable law and in the best interests of all Parties, and the Court grants final approval to the Settlement.

17. Specifically, the Court determines that (a) the Plaintiffs and Class Counsel have adequately protected the Settlement Class, (b) the Settlement was negotiated at arm's-length, (c) the relief to the Settlement Class is adequate, taking into account: (i) the costs, risks and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement

Class; (iii) the terms of the proposed award of attorneys' fees, including the timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3) of the Federal Rules of Civil Procedure, and (d) the Settlement treats Settlement Class Members equitably relative to each other because, all members of the proposed Settlement Class are eligible to receive a Cash Award calculated based on the Out of Pocket Tuition and Fees paid by Settlement Class Members and/or on their behalf by parents or other third parties to the University for the Spring Quarter of 2020, with all members of the proposed Settlement Class eligible to receive at least $25. Accordingly, the Court finds the Settlement to be fair, reasonable, and adequate. The Court expressly finds that the Settlement is the result of extended, arm's-length negotiations among experienced counsel, including with the aid of respected class action mediator Judge Morton Denlow (Ret.), and is non-collusive.

18. The Parties have represented that no agreements exist between the Parties aside from those referred to in the Settlement or otherwise submitted to the Court.

19. All timely objections filed by members of the Class have been fully considered by the Court and are overruled.

20. The Court finds that the Settlement Agreement is in all respects fair, reasonable, adequate and in the best interest of the Settlement Class.

### D. Implementation Of Settlement For Settlement Class Members

21. The Court directs the Parties and their counsel to implement and consummate the Settlement Agreement in accordance with its terms and provisions.

22. No amounts remaining in the Escrow Account following the distribution of the Net Settlement Fund shall revert back to the University for its own use. The *Cy Pres* Contribution Amount, if any, shall be provided to the University to be deposited in and used to make payments for University students from the University's Emergency Assistance Grants, which provide

8

resources to University of Chicago students who have extraordinary and significant emergency assistance needs. The Court further determines that the selection of this fund to receive any unclaimed funds, with its mission closely aligned to helping students manage unexpected costs during their academic career, will ensure that the distribution of amounts remaining in the Escrow Account following the distribution of the Net Settlement Fund will be for a purpose as near as possible to the legitimate objectives underlying the lawsuit, the interests of Settlement Class Members, and the interests of those similarly situated.

### E. Attorneys' Fees And Expenses And Service Awards

23. The Court may "award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Class Counsel requested $1,650,000 in fees. Having reviewed the motion for fees and supporting documentation, the Court finds an award of $1,650,000 is appropriate and reasonable.

24. Class Counsel also seek reimbursement of $24,892.74 in out-of-pocket expenses advanced for the Settlement Class. Counsel submitted documentation supporting the requested costs. The Court approves $24,892.74 in advanced costs as appropriate and reasonable.

25. Class Counsel also request a $10,000 Service Award for each Plaintiff. The University opposed this request. See University's Objection to Amount of Requested Service Awards (Dkt. 115). When courts evaluate such awards, "relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." Cook v. Niedert, 142 F.3d 1004, 1016 (7th Cir. 1998). Here, Plaintiffs initiated litigation and negotiated an arm's-length Settlement that benefits thousands of Settlement Class Members who otherwise would not or may not receive any relief. The Court concludes that a Service Award of $5,000 is appropriate for each Settlement Class Representative.

26. For the reasons stated above, the Court approves Class Counsel's requests for $1,674,892.74 in Attorneys' Fees and Costs and a Service Award of $5,000 for each Settlement Class Representative.

### F. Exclusions From The Settlement Class

27. The Claims Administrator has received, from certain Settlement Class Members, requests for exclusion from the Settlement Class, and the Claims Administrator has provided Class Counsel and Counsel for the University copies of those requests. A list of the Persons who have timely and properly requested to be excluded from the Settlement Class has been submitted to the Court. See Opt-Out List (Dkt. 107-1) at 83. All Persons named in the list submitted to the Court as having filed timely requests for exclusions with the Claims Administrator are excluded from the Settlement Class and will not be bound by the terms of the Settlement. Each individual or entity that otherwise falls within the definition of the Settlement Class shall be bound by the terms of the Settlement.

### G. Releases

28. The Court adjudges that in consideration of the Settlement and as set forth in the Settlement Agreement, the Releasing Settlement Class Parties have conclusively and forever compromised, settled, dismissed and released any and all Released Claims against the University and the Released University of Chicago Parties.

29. The Releasing Settlement Class Parties and the Released University of Chicago Parties have waived and relinquished all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code and of all similar laws of other States, to the fullest extent that they may lawfully waive such rights or benefits pertainingto their released claims.

**H.     Settlement Agreement As Exclusive Remedy For Released Claims**

30.     This Settlement Agreement and the Final Order and Judgment shall be binding on and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of the Releasing Settlement Class Parties. As of the Effective Date, enforcement of the Settlement Agreement shall be the exclusive remedy for Plaintiffs and all Settlement Class Members who have not been excluded from the Settlement Class, all of whom are bound by all proceedings, orders and judgments in the Action and are permanently barred and enjoined from instituting, asserting, commencing, prosecuting, or continuing to prosecute, either directly or indirectly, any of the Released Claims against the University or any of the Released University of Chicago Parties.   Members of the Settlement Class who have not been excluded from the Settlement Class and who are prosecuting or asserting any of the Released Claims are ordered to take whatever measures are necessary to effectuate dismissal of their claims.

31.     This Final Order and Judgment bars and permanently enjoins all Settlement Class Members who have not been properly excluded from the Settlement Class from (a) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action or the Released Claims arising on or before the Preliminary Approval Date and (b) organizing Settlement Class Members, regardless of whether or not they have been excluded from the Settlement Class, into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending Complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the

11

Action or the Released Claims, except that Settlement Class Members are not precluded from assisting a state, provincial or federal agency in any investigation or suit initiated by any such agency.

### I. Effect Of This Final Order And Judgment

32. If for any reason this judgment is reversed, vacated or materially modified on appeal (and, in the event of material modification, which shall not include any modification to an award of Attorneys' Fees and Costs or to the Service Awards, if either party elects to terminate the Settlement), this Order shall be null and void, the Settlement Agreement shall be deemed terminated (except for any paragraphs that, pursuant to the terms of the Settlement, survive termination of the Settlement), and the Parties shall return to their positions without prejudice in any way, as provided for in the Settlement.

### J. No Admission Of Liability

33. The Settlement Agreement and the Settlement provided for herein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by the University or any Released University of Chicago Parties or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to this Settlement Agreement and the Settlement provided for herein in such proceedings as may be necessary to effectuate the Settlement Agreement and the Final Order and Judgment.

34. The Court dismisses the Action now pending before the Court on the merits and with prejudice and without fees or costs except as provided herein. The Court orders the entry of, and enters, this Final Order and Judgment on all claims, counts, and causes of action alleged in this Action by Plaintiffs, on behalf of themselves, the Settlement Class, or both. In entering this Final

Order and Judgment with the provisions stated herein and other limiting provisions, this Court specifically refers to and invokes the Full Faith and Credit Clause of the United States Constitution and the doctrine of comity, and requests that any court in any other jurisdiction reviewing, construing, or applying this Final Order and Judgment implement and enforce its terms and limitations in their entirety.

35. The Court has and retains personal jurisdiction over Plaintiffs and all Settlement Class Members and has subject matter jurisdiction to approve this Settlement and Settlement Agreement and all exhibits thereto. Without affecting the finality of this Final Order and Judgment in any way, this Court reserves jurisdiction over the University, Plaintiffs, Class Counsel and the Settlement Class Members as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement Agreement and Final Order and Judgment and for any other necessary purposes.

36. The Court authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and all exhibits thereto as (a) shall be consistent in all material respects with this Final Order and Judgment and (b) do not limit the rights of the Parties or Settlement Class Members.

37. Pursuant to Rule 54 of the Federal Rules of Civil Procedure, the Court finds that there is no reason for delay in the entry of this Final Order and Judgment as a final order and final judgment, and the Court further expressly directs the Clerk of the Court to file this Final Order and Judgment as a final order and final judgment.

**IT IS SO ORDERED** this 23rd day of May 2024.

Jeremy C. Daniel
United States District Judge